ALDEN J. BLETHEN *vs.* LEVI M. STEWART.

·July 8, 1889.

**Libel—Complaint.**—Where a libellous charge is contained in an article pub-
lished in a newspaper, a complaint in an action for the libel need set out
only so much of the article as contains the libel.

Appeal by defendant from an order of the district court for Henne-
pin county, *Rea, J.,* presiding, overruling a demurrer to the com-
plaint.

*Davis & Farnam,* for appellant.

*Miller, Young & Akers,* for respondent.

GILFILLAN, C. J. This is an action for libel. The article claimed
to have been libellous was published in a newspaper. The complain-
ant sets forth several extracts from the article. The appeal is from
an order overruling a demurrer on the ground that the complaint
does not state facts sufficient to constitute a cause of action—in other
words, that it does show any libel. It is somewhat difficult for us to
discover from appellant's brief what points or propositions it endeav-
ors to make out. It appears, however, to insist that the entire article
ought to have been set forth in the complaint, though why, the ex-
tracts, standing alone, being libellous, the remainder of the article
need have been set forth is not shown, unless by the suggestion that
perhaps the portions not set forth might have modified the meaning
of the extracts given, so as to make them innocent. Of course, in
determining whether a part of an article is libellous, it is proper to
read the entire article, for an extract, when read in its context, may
have a very different meaning from what it would appear to have
when read by itself. But when the extract claimed to be a libel ap-
pears to contain the complete charge against plaintiff, and has *prima
facie* a libellous meaning, it is enough to set forth the extract, and to
declare upon it as a libellous charge. To require of plaintiff to set
forth, in addition to the extract, the context, in order to show that
the apparent sense of the extract is not changed by the context, would
be really to require him to plead a negative, to require him to antic-

ipate what properly ought to come from the other side. Where the alleged libel is part of a larger article, it is only necessary to set forth so much as is claimed to be libellous, and then, if defendant admits the publication of what is set forth, he may show it not libellous (if such be the case) by setting forth the context.

Order affirmed.