## MARTINE OLESON *vs.* JOURNAL PRINTING COMPANY.

### November 2, 1891.

**Libel—Complaint on Part of Article—Answer Setting forth the Rest.**
Where a complaint for libel set forth, as the libel complained of, a part
of a newspaper article, the answer cannot set forth the remainder of the
article, unless it modifies or explains the part set forth in the complaint
so as to give it a meaning not libellous, or less libellous than it has stand-
ing alone. If the answer set forth the remainder of the article, and it
in no way affects the meaning of what is set forth in the complaint, it
may be struck out on motion.

Action brought in the district court for Hennepin county, to re-
cover $20,000 damages for an alleged libel published in defendant's
newspaper. The defendant, in its answer, alleged that the words set
forth in the complaint were but part of an article published by it,
and set forth the rest of the article. The defendant appeals from
an order by *Hicks, J.,* striking from the answer the matter thus
pleaded.

*Rea & Hubacheck,* for appellant.

*Molyneaux & Peterson,* for respondent.

GILFILLAN, C. J. In a complaint for libel, the alleged libellous
matter being contained in a newspaper article, the entire article need
not be set forth, but only so much of it, constituting a complete charge
against plaintiff, as he claims to be libellous. If the defendant ad-
mits the publication of what is set forth, he may, as a defence or in
mitigation, plead the remainder, if it modifies what is set out in the
complaint, so as to give it a meaning not libellous, or less libellous
than it appears to have severed from its context. *Blethen* v. *Stewart,*
41 Minn. 205, (42 N. W. Rep. 932.) If, however, it does not mod-
ify nor explain what is set forth in the complaint, but leaves it with
the full injurious meaning that it has standing alone, such remainder
is no matter of defence nor mitigation, and pleading it is simply cum-
bering the record with useless and immaterial matter, which ought
not to be permitted. In this case, the remainder of the article, set
out in the answer, does not affect in the least the meaning of the por-

tion set forth in the complaint. The matter set out in the answer is merely to the effect that the defendant not only published the libellous charges set forth in the complaint, but published more of the same sort. Of course, that could not go in defence or mitigation.

Order affirmed.